IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY OTIS STRAIT, III, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-13-CV-378-LY-AWA |
| | § | |
| MIKE PEARCE, WARDEN, | § | |
| FEDERAL CORRECTIONAL INSTITUTE | § | |
| BASTROP, TEXAS, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Anthony Otis Strait, III's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) and Respondent Mike Pearce's Response and Memorandum in Support (Dkt. No. 10). Petitioner has not filed a reply in this case. The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. BACKGROUND AND ANALYSIS

Petitioner Anthony Otis Strait, III ("Strait"), Reg. No. 28071-180, is a federal prisoner incarcerated in the Bureau of Prisons ("BOP") at the United States Penitentiary in Lompoc, California ("USP-Lompoc") pursuant to a judgment and sentence in Criminal Case No. SA-11-CR-

77-FB in the United State District Court for the Western District of Texas.[1]  Strait is serving time after he pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. 841(a)(1).  *See* Dkt. No. 10, Attachment 5.  Strait was sentenced on May 18, 2012, to 72 months in prison.  *Id.*

In his habeas petition, Strait complains only that he is being improperly denied early release benefits under 18 U.S.C. § 3621(e) for successfully completing the Residential Drug Abuse Program ("RDAP").  Strait contends that the BOP is wrongfully denying his eligibility for these benefits because the BOP incorrectly aggregated his conviction in a prior federal criminal case with the sentence in this case.  Previously, in Criminal Case No. SA-00-CR-429-OLG, Strait had been convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), a conviction that would preclude him from receiving early release benefits despite successfully completing RDAP.  *See* Dkt. No. 10, Attachments 1–2.  Strait submits that he completed his sentence for the firearm violation on April 17, 2012, approximately one month before being sentenced for his drug offense.  Consequently, Strait believes he is eligible for early release benefits under 18 U.S.C. § 3621(e).

---

[1] At the time Strait filed his § 2241 habeas petition, he was incarcerated in the Bureau of Prisons ("BOP") at FCI-Bastrop.  Because "[j]urisdictional facts must be judged as of the time the complaint is filed[,]" this Court maintains jurisdiction over Strait's instant habeas petition despite his subsequent transfer to USP-Lompoc, which is located in the United States District Court for the Central District of California.  *See Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1988)); *Griffin v. Ebbert*, 751 F.3d 288 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change."); *Jabir v. Ashcroft*, No. 03–2480, 2004 WL 60318 at *2–3 (E.D. La. Jan. 8, 2004) (explaining that the district court maintains jurisdiction over a habeas petition filed pursuant to § 2241 as long as the district court had proper jurisdiction over the petition at the time of filing).

In response, the government acknowledges that it made an error in calculating Strait's sentence for his drug offense and that his conviction for the firearm violation was improperly aggregated with his current sentence. *See generally* Dkt. No. 10; Declaration of Wesley Zurovec. The government agrees with Strait that he finished serving his sentence in Criminal Case No. SA-00-CR-429-OLG on April 17, 2012, and that he was not sentenced in Criminal Case No. No. SA-11-CR-77-FB until May 18, 2012. *Id.* Having reviewed Strait's sentence computation, the government states that the BOP has corrected this error and that Strait is now eligible for early release benefits under 18 U.S.C. § 3621(e) for successfully completing RDAP.[2] Dkt. No. 10, Attachment 9. As such, the grounds upon which Strait sought habeas relief have been resolved and his petition has been rendered moot.

## II.  RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the District Judge **DISMISS AS MOOT** Petitioner Anthony Otis Strait III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. **§**2241 (Dkt. No. 1).

## III.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

---

[2] In correcting its error and removing the aggregation of Strait's two federal sentences, the BOP also recalculated his projected release date, which is now August 8, 2017. Dkt. No. 10, n.1. However, Strait does not seek habeas relief on the grounds that his projected release date has been calculated incorrectly. Strait's petition clearly states that he is only seeking habeas relief because he was being improperly denied eligibility for early release benefits under 18 U.S.C. § 3621(e) for successfully completing RDAP. *See* Dkt. No. 1. Should Strait seek to challenge his new projected release date, he must pursue such relief through the appropriate administrative remedies prior to filing a § 2241 petition.

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of July, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE